UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
JOSE FUENTES

Index No.

Plaintiff,

**COMPLAINT**

-against-

MILTON SOKOL & CO. INC. and
JOSEPH SOKOL

Defendants.

**JURY TRIAL DEMANDED**
------------------------------------------------------------

Plaintiff, JOSE FUENTES ("Plaintiff"), by his attorney, THE LAW OFFICE OF JON A. STOCKMAN, as and for his Complaint, respectfully alleges the following:

**NATURE OF THE CASE**

1. Plaintiff brings this action for unpaid overtime wages against Defendants MILTON SOKOL & CO. INC. and JOSEPH SOKOL (collectively "Defendants") pursuant to the Fair Labor Standards Act ("FLSA").
2. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the events giving rise to the claim occurred within this judicial district and the Corporate Defendant resides within this judicial district.
3. This Court possesses jurisdiction over this action because it involves a federal claim (a FLSA claim).

**THE PARTIES**

4. Plaintiff resides in the State of New York, County of Queens.
5. From on or about July 29, 2024 and December 23, 2024, Plaintiff was Defendants' employee within the meaning of the FLSA.

6. Defendant MILTON SOKOL & CO. INC. is a New York business corporation with its principal place of business located in Queens, NY.
7. Defendant MILTON SOKOL & CO. INC. is/was a leather wholesaler.
8. At all times relevant to this Complaint, Defendant MILTON SOKOL & CO. INC. was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA in that said Defendant employed employees who handled goods or material that had been moved in or produced for commerce.
9. Upon information and belief, at all times relevant to the Complaint, Defendant MILTON SOKOL & CO. INC. had an annual gross volume of sales of not less than $500,000.00.
10. Defendant MILTON SOKOL & CO. INC. sources leather from tanneries outside the state of New York (including tanneries in Brazil, Spain, and Italy).
11. Defendant MILTON SOKOL & CO. INC. sells leather to out-of-state customers.
12. Defendant MILTON SOKOL & CO. INC. contracts with freight companies to ship leather to customers (including out-of-state customers).
13. At all times relevant to this Complaint, Defendant MILTON SOKOL & CO. INC. was Plaintiff's employer within the meaning of the FLSA.
14. At all times relevant to this Complaint, Defendant JOSEPH SOKOL was Plaintiff's employer within the meaning of the FLSA.
15. At all times relevant to this Complaint, Defendant JOSEPH SOKOL was the Chief Executive Officer of Defendant MILTON SOKOL & CO. INC.
16. As an example of Defendant JOSEPH SOKOL's exercising hiring and firing authority, Defendant JOSEPH SOKOL hired and fired Plaintiff.

17. As Chief Executive Officer of the Corporate Defendant, Defendant JOSEPH SOKOL determined the pay rate of the Corporate Defendant's employees.
18. As Chief Executive Officer of the Corporate Defendant, Defendant JOSEPH SOKOL determined the work schedules of the Corporate Defendant's employees.
19. Defendant JOSEPH SOKOL determined Plaintiff's pay rate.
20. Defendant JOSEPH SOKOL determined Plaintiff's work schedule.

**PROCEDURAL HISTORY**

21. Plaintiff previously executed an agreement with Defendants providing that all disputes arising from or related to Plaintiff's employment with Defendants were to be adjudicated before the American Arbitration Association.
22. This arbitration requirement was drafted by Defendants, not Plaintiff.
23. Pursuant to the aforementioned arbitration agreement, on May 30, 2026, Plaintiff filed a Demand for Arbitration against Defendants based on Defendants' failure to pay him overtime premium pay in violation of the FLSA (AAA Case No. 1-26-003-5388).
24. On May 30, 2026, Plaintiff served Defendants with Plaintiff's Demand for Arbitration.
25. On June 30, 2026, the AAA emailed Defendants' counsel a letter requiring Defendants to pay a non-refundable fee of $2,100 by July 30, 2026.
26. On August 27, 2026, the AAA administratively closed Case No. 1-26-003-5388 due to Defendants' failure to pay the required filing fee.
27. Due to Defendants' intentional failure to pay the AAA filing fee despite its attempt to require Plaintiff to arbitrate disputes involving his employment with Defendants, the statute of limitations should be equitably tolled for a period of 89 days (the period during which Plaintiff's claims were pending before the AAA).

**THE FACTS**

28. Plaintiff worked for Defendants from on or about July 29, 2024 and December 23, 2024 (a 21 week period).

29. During Plaintiff's tenure with Defendants, he worked for them at their warehouse located at 127-25 Metropolitan Ave, Kew Gardens NY 11415.

30. Defendants agreed to pay Plaintiff an annual salary of $60,000.00.

31. Regardless of Plaintiff's title, during Plaintiff's tenure with Defendants, he was essentially a warehouse worker who engaged in substantial manual labor.

32. During Plaintiff's tenure with Defendants, his duties and compensation were such that he was not exempt from the FLSA's overtime requirements. Despite this, Defendants failed to pay Plaintiff overtime premium pay even though he worked more than 40 hours in a workweek.

33. Notably, Plaintiff did not have the authority to hire or fire other employees.

34. Defendants violated the FLSA by failing to pay Plaintiff overtime premium pay when he worked more than 40 hours for Defendants in a workweek.

35. As an example, Defendants failed to pay Plaintiff overtime premium pay for the workweek Saturday August 3, 2024-Friday August 9, 2024 even though Plaintiff estimates that he worked approximately 61 hours for Defendants that week.

36. Based on Plaintiff' review of text messages and based on his recollection, Plaintiff estimates that he worked for Defendants from (i) around 6:40am through 3:00pm on Saturday August 3, 2024 (8 hours 20 minutes), (ii) around 6:30am through 5:00pm on Monday August 5, 2024 (10 hours 30 minutes), (iii) around 6:30am through 5:00pm on Tuesday August 6,

2024 (10 hours 30 minutes), (iv) around 6:30am through 5:00pm on Wednesday August 7, 2024 (10 hours 30 minutes), (v) around 6:20am through 5:00pm on Thursday August 8, 2024 (10 hours 40 minutes), and (vi) around 6:30am through 5:00pm on Friday August 9, 2024 (10 hours 30 minutes).

37. Plaintiff does not have his pay stub for the workweek 8/3-8/9/2024.

38. However, based on an annual salary of $60,000.00, Plaintiff believes Defendants paid him $1,153.85 per week ($60,000 divided by 52 weeks) for the workweek 8/3-8/9/2024.

39. Defendants violated the FLSA by paying Plaintiff $1,153.85 for the workweek 8/3-8/9/2024 when Defendants were required to pay him $2,062.73 for such work ($1,153.85 salary + $908.88 overtime premium pay[1]).

40. As another example of Defendants' violating the FLSA, to the best of Plaintiff' recollection, Defendants only paid him $1,153.85 for the workweek August 10-August 16, 2024 even though Plaintiff worked approximately 51.83 hours for Defendants that week and therefore Plaintiff should have been paid $1,665.85 for such work ($1,153.85 + $512.00 overtime premium pay).

41. Based on Plaintiff' review of text messages and based on his recollection, Plaintiff estimates that he worked for Defendants from (i) around 6:30am through 5:00pm on Monday August 12, 2024 (10 hours 30 minutes), (ii) around 6:30am through 5:00pm on Tuesday August 13, 2024 (10 hours 30 minutes), (iii) around 7:00am through 5:00pm on Wednesday August 14, 2024 (10 hours), (iv) around 6:40am through 5:00pm on Thursday August 15, 2024 (10 hours 20 minutes), and (vi) around 6:30am through 5:00pm on Friday August 16, 2024 (10 hours 30 minutes).

[1] Plaintiff calculates his overtime premium pay as follows: Regular rate ($1,153.85 divided by 40 hours) x 1.5 x 21 overtime hours.

42. Additionally, based on Plaintiff' review of text messages and based on his recollection, Plaintiff estimates that Defendants were required to pay him overtime premium pay for the following workweeks: 8/17-8/23/2024 (approximately 11.83 overtime hours worked); 8/24-8/30/2024 (approximately 13.25 overtime hours worked); 8/31-9/6/2024 (approximately 2.75 overtime hours worked); 9/7-9/13/2024 (approximately 13.83 overtime hours worked); 9/14-9/20/2024 (approximately 14 overtime hours worked); 9/21-9/27/2024 (approximately 12.58 overtime hours worked); 9/28-10/4/2024 (approximately 9 overtime hours worked); 10/5-10/11/2024 (approximately 11 overtime hours worked); 10/12-10/18/2024 (approximately 12.17 overtime hours worked); 10/19-10/25/2024 (approximately 12.75 overtime hours worked); 10/26-11/1/2024 (approximately 12 overtime hours worked); 11/2-11/8/2024 (approximately 12.42 overtime hours worked);11/9-11/15/2024 (approximately 12.75 overtime hours worked); and 11/16-11/22/2024 (approximately 13.85 overtime hours worked).

43. Defendants violated the FLSA by failing to pay Plaintiff overtime premium pay for any of the aforementioned workweeks.

44. Moreover, based on Plaintiff' recollection, he estimates he worked at least 50 hours per week during each of the following workweeks: (i) 11/30-12/6/2024; (ii) 12/7-12/13/2024; and (iii) 12/14-12/20/2024.

45. Defendants violated the FLSA by failing to pay Plaintiff overtime premium pay for the workweeks 11/30-12/6/2024 and 12/14-12/20/2024.

46. Although Plaintiff was entitled to a meal break, this meal break was almost always interrupted.

47. A reasonable factfinder should conclude that Defendants' failure to pay Plaintiff overtime premium pay was willful and therefore a 3 year statute of limitations is appliable.

48. A reasonable factfinder should conclude that Defendants knew that Plaintiff worked for Defendants more than 40 hours per workweek given the hours Plaintiff was present at Defendants' warehouse.

49. Moreover, a reasonable factfinder should conclude that Defendants purposely evaded the FLSA's recordkeeping requirement by failing to keep track of the hours that Plaintiff worked. Although Plaintiff was a non-exempt employee, Defendants failed to track Plaintiff's hours worked in a workweek.

50. During Plaintiff's tenure with Defendants, there was a FLSA poster hanging at Plaintiff's worksite. This FLSA poster was hanging in the hallway connecting Defendants' main office to Defendants' warehouse at 127-25 Metropolitan Ave, Kew Gardens, NY 11415. This FLSA poster identified the overtime requirements of the FLSA. Accordingly, a reasonable factfinder should conclude that Defendants were aware of the requirement to pay employees overtime premium pay when such employees worked more than 40 hours in a workweek.

51. To the best of Plaintiff's knowledge, Defendants tracked hours worked by Plaintiff's co-workers. Plaintiff believes this to be the case because there were times when his co-worker, Michael Medina told him that he needed to clock-in. Based on this, it can be reasonably inferred that Defendants required Michael Medina to clock-in and clock-out to track his hours worked. Accordingly, a reasonable factfinder should conclude that Defendants knew they were required to pay overtime pay to employees, such as Plaintiff, when they worked more than 40 hours in a workweek and Defendants knew they were required to track the

time worked by employees in a workweek, but Defendants intentionally tried to evade their obligations to pay Plaintiff overtime premium pay by not tracking his hours.

## FIRST CLAIM FOR RELIEF

*(Violation of the FLSA: Unpaid Overtime Wages)*

52. Plaintiff repeats and realleges each and every allegation contained herein.

53. Defendants violated the FLSA by failing to pay Plaintiff at the required overtime rate of one and one half times Plaintiff's regular rate of pay for all time he worked over forty (40) hours in a workweek.

54. As a result of Defendants' violation of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages and liquidated damages in an amount equal to Plaintiff's unpaid overtime wages, plus interest, reasonable attorneys' fees, and costs.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff demands judgment as follows:

i. awarding Plaintiff unpaid overtime wages, plus liquidated damages equal to Plaintiff's unpaid overtime wages pursuant to the FLSA;

ii. awarding Plaintiff's costs of this suit;

iii. awarding reasonable attorneys' fees;

iv. awarding pre- and post-judgment interest; and

v. awarding such other and further relief as the court deems just and proper.

Dated: New York, New York
November 3, 2026

**THE LAW OFFICE OF**
**JON A. STOCKMAN**

By: /S/ Jon A. Stockman, Esq.
Jon A. Stockman, Esq.
11 Broadway, Suite 615
New York, New York 10004
(516) 547-6418 telephone
jstockman@yournycattorney.com
Attorney for Plaintiff Jose Fuentes